IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES MICHAEL RECCA,

    Plaintiff,

v.

OMAHA POLICE DEPARTMENT, et al.,

    Defendants.

8:18CV556

MEMORANDUM AND ORDER

Plaintiff, James Michael Recca, an inmate at the Nebraska State Penitentiary, filed his Complaint (Filing 1) on November 29, 2018. Plaintiff was granted leave to proceed in forma pauperis on January 10, 2019 (Filing 9), and he paid the required initial partial filing fee on March 18, 2019. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he was bitten by a police dog while being pursued and arrested on November 3, 2015. He seeks to recover damages for his injuries.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIM

Liberally construing Plaintiff's Complaint, this is an action brought under 42 U.S.C. § 1983 to recover damages for the alleged use of excessive force by police officers in effecting Plaintiff's arrest. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Mettler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999). "An officer's use of excessive force violates the Fourth Amendment if 'objectively unreasonable.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). "Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). "Force

may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Id.* (citing *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009)). "[R]eview of excessive force claims involving police dogs is properly governed by the general standard established in *Graham* rather than the deadly force standard of [*Tennessee v. Garner*, 471 U.S. 1 (1985)]." *Kuha v. City of Minnetonka*, 365 F.3d 590, 598 (8th Cir. 2003), *abrogated on other grounds by Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) (en banc).

Named as Defendants are the Omaha Police Department, six Omaha police officers, the "actual K-9 dog," and "all other unknown John and Jane Doe(s)." Two of these Defendants are not proper parties—the dog, *see Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (a dog is not a "person" who acts under color of state law), and the Omaha Police Department, *see Gerlach v. Omaha Nebraska Police Dep't*, No. 8:19CV67, 2019 WL 1207178, at *1 (D. Neb. Mar. 14, 2019) (police department is not suable under 42 U.S.C. § 1983); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

Plaintiff does not specify whether he sues the police officers in their individual or official capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.... A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.").

The City of Omaha may only be liable under section 1983 if a municipal "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe*

*v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

No facts are alleged in Plaintiff's Complaint to show that his injuries were caused by a policy or custom of the City of Omaha. The Complaint therefore is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, on the court's own motion, Plaintiff will be given 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted.

If Plaintiff intends to sue the officers in their individual capacities, he must so specify in the Amended Complaint and he will also need to describe what each individual Defendant did to cause him injury. Because vicarious liability is inapplicable to § 1983 suits, Plaintiff must plead that each Defendant, through his or her own individual actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal on initial review. Out of an abundance of caution, however, the court will grant Plaintiff leave to file an Amended Complaint. If an Amended Complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2) and 1915A. But if an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline in each case: May 8, 2019: check for amended complaint.

DATED this 8th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge