IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JAMES MICHAEL RECCA, | ) | 8:18CV556 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| OMAHA POLICE DEPARTMENT, PIGNOTTI, JOSEPH RICHTER (2019), ERIK P. FOREHEAD (1556), HEIDI L. ALTIC (Y792), MICHAEL OLIVER (2040), HANSEN (2043), NASS (1886), and any and all JANE or JOHN DOES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, James Michael Recca, an inmate at the Nebraska State Penitentiary, filed his Complaint (Filing 1) on November 29, 2018, and was granted leave to proceed in forma pauperis.[1] The court conducted an initial review of the Complaint and, in a Memorandum and Order entered on April 8, 2019 (Filing 13), determined that it failed to state a claim upon which relief may be granted. The court on its own motion granted Plaintiff leave to amend, and an Amended Complaint (Filing 14) was filed on May 9, 2019. The court now conducts an initial review Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges that on November 3, 2015, at about 1:30 a.m., he was walking in a wooded area at the rear of the Carol Hotel in Omaha, Nebraska, when he saw police officers arrive; that Plaintiff laid face-down on the ground to get out of the way of any police action, but the K-9 officer, Defendant Pignotti, gave his dog verbal commands and hand signals to attack Plaintiff; that the dog ripped off Plaintiff's left ear and bit his right shoulder and right leg, leaving a deep wounds; and that several officers kicked and punched Plaintiff while he was on the ground and being attacked by the dog. Plaintiff seeks to recover damages.

---

[1] Plaintiff paid the required initial partial filing fee on March 18, 2019.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is an action brought under 42 U.S.C. § 1983 against the Omaha Police Department ("OPD"), seven named officers or employees of the OPD, and unidentified individuals. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. Fourth Amendment Claims

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Mettler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999). "An officer's use of excessive force violates the Fourth Amendment if 'objectively unreasonable.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Id.* (citing *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009)). "[R]eview of excessive force claims involving police dogs is properly governed by the general standard established in *Graham* rather than the deadly force standard of [*Tennessee v. Garner*, 471 U.S. 1 (1985)]." *Kuha v. City of Minnetonka*, 365 F.3d 590, 598 (8th Cir. 2003), *abrogated on other grounds by Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) (en banc).

Because vicarious liability is inapplicable to § 1983 suits, Plaintiff must plead that each Defendant, through his or her own individual actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676; *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (holding that, in order for a claim to be cognizable under § 1983, plaintiff must allege that the defendant "was personally involved in or had direct responsibility for incidents that injured him"). The court therefore will review the allegations made against each Defendant.

*1. Defendant Omaha Police Department*

As the court advised Plaintiff in its previous Memorandum and Order, the Omaha Police Department is not a proper party. *See Gerlach v. Omaha Nebraska Police Dep't*, No. 8:19CV67, 2019 WL 1207178, at *1 (D. Neb. Mar. 14, 2019) (police department is not suable under 42 U.S.C. § 1983); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir.

1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government"). The Omaha Police Department therefore will be dismissed from the action.

*2. Defendant Pignotti*

Plaintiff alleges in Count I of the Amended Complaint that Pignotti initiated the dog attack without cause and did nothing to restrain the dog as it repeatedly bit Plaintiff while he was lying on the ground. Pignotti allegedly said "get that motherfucker" several times during the attack after Plaintiff repeatedly begged him to call off the dog. (Filing 14, pp. 6-7) The court finds there are sufficient allegations of fact to state a plausible claim for relief against Pignotti in his individual capacity.

Plaintiff also sues Pignotti in his official capacity, but there are no facts alleged to show that he has any final policymaking authority for the City of Omaha, or that he was following a municipal policy or custom.[2] The official-capacity claim against this Defendant therefore will be dismissed.

*3. Defendants Nass (1886), Joseph Richter (2019), and Hansen (2043)*[3]

Plaintiff alleges in Counts II, III, and IV of the Amended Complaint that Nass, Richter, and Hansen "joined in the attack by striking, hitting, and punching Plaintiff" (Filing 14, pp. 7-9). Because Plaintiff indicates he was not offering any resistance, this allegation is sufficient to state a plausible claim for relief against these Defendants in their individual capacities.

---

[2] As the court explained in its previous Memorandum and Order, the City of Omaha may only be liable under § 1983 if a municipal policy or custom caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to governmental liability based on an exercise of that discretion. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986) (plurality opinion).

[3] The numbers show in parentheses are the officers' OPD serial numbers.

Plaintiff further alleges in Counts II, III, and IV of the Amended Complaint that Nass, Richter, and Hansen "did nothing to deter, preclude, or hinder Defendant Pegnotti from the excessiveness of the attack by K-9 dog" (Filing 14, pp. 7-9) Liberally construed, this allegation is likewise sufficient to state a plausible claim for relief against these Defendants in their individual capacities. "[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir.2009). In an excessive force case, a police officer may be liable for breach of a duty to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (quoting *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009)).

However, no facts are alleged to support an official-capacity claim against any of these Defendants. As with Pignotti, it is not alleged that these Defendants had any final policymaking authority or were acting pursuant to a municipal policy or custom.

*4. Conspiracy*

Plaintiff alleges in Count V of the Amended Complaint that Pignotti, Nass, Richter, and Hansen "acted in cohoots and in concert" to cause him bodily injury and to violate his constitutional rights. To the extent Count V is intended state a § 1983 claim for conspiracy, it fails because there are no facts from which it may reasonably be inferred that there was a "meeting of the minds" among these four Defendants.[4] "A mere allegation of a conspiracy without specific facts demonstrating a 'meeting of the minds' among the conspirators fails to state a claim upon which relief can be granted." *Carhart v. Smith*, 178 F. Supp. 2d 1068,

---

[4] "To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) ). "The plaintiff is [also] required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.* In addition, to sustain a conspiracy claim under § 1983, a plaintiff must allege with particularity specific facts indicating a "meeting of the minds," meaning a mutual understanding among the alleged conspirators to take actions to an unconstitutional end. *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675 (8th Cir. 2012).

1075 (D. Neb. 2001) (citing *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir.1992)."While the pleading standard under [Federal Rule of Civil Procedure] 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *Blair v. City of Omaha*, No. 8:07CV295, 2009 WL 3631070, at *4 (D. Neb. Oct. 26, 2009) (quoting *Johnson v. Kafrissen*, No. CIV. 95-855, 1995 WL 355289, at *2 (E.D.Pa. June 5, 1995)).

*5. Defendants Erik P. Forehead (1556), Heidi L. Altic (Y792), Michael Oliver (2040)*

Plaintiff alleges in Count VI of the Amended Complaint that Defendants Forehead, Altic, and Oliver "knew, or should have known that the egregious actions or inactions committed by the other defendants violating plaintiff said rights were unlawful and wrong" (Filing 14, p. 9). This allegation fails to state a plausible claim for relief against these Defendants, who are not even alleged to have been at the scene of the alleged attack.

The Eighth Circuit has held that a police officer may be liable if he does not intervene to prevent the use of excessive force when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Robinson v. Payton*, 791 F.3d 824, 829 (8th Cir. 2015) (quoting *Nance*, 586 F.3d at 612). Plaintiff's Amended Complaint contains no facts that would allow a jury to make either of these required findings.

*6. Defendants Jane or John Does*

Plaintiff's Amended Complaint does not allege any misconduct on the part of an unidentified individual. Consequently, Defendants Jane or John Does will be dismissed from the action.

B. Request for Appointment of Counsel

Plaintiff's Amended Complaint contains a request for appointment of counsel (Filing 14, p. 11). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial

courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IV. CONCLUSION

Plaintiff has stated a plausible claim for relief against Defendant Pignotti, in his individual capacity, for use of excessive force in commanding a police dog to attack Plaintiff, and in failing to call off the attack when Plaintiff was being bitten by the dog. Plaintiff has stated a plausible claim for relief against Defendants, Nass, Richter, and Hansen, in their individual capacities, for failing to intervene to prevent Defendant Pignotti's alleged use of excessive force. Plaintiff has also stated a plausible claim for relief against Defendants, Nass, Richter, and Hansen, in their individual capacities, for their own use of excessive force in allegedly kicking and punching Plaintiff. All other claims alleged in the Amended Complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. Plaintiff's request for appointment of counsel is denied without prejudice to reassertion.

2. Defendant Omaha Police Department is dismissed from this action without prejudice.

3. Defendants Erik P. Forehead (1556), Heidi L. Altic (Y792), and Michael Oliver (2040), in their individual and official capacities, are dismissed from this action without prejudice.

4. Defendants "Jane or John Does" are dismissed from this action without prejudice.

5. The clerk of the court will modify the docket sheet to list Defendants Pignotti, Joseph Richter (2019), Hansen (2043), and Nass (1886), in their individual capacities, as the only Defendants of record. All claims alleged against these Defendants in their official capacities are dismissed without prejudice.

6. The only claims alleged in Plaintiffs' Amended Complaint (Filing 14) that will be allowed to proceed to service are: (1) a Fourth Amendment "excessive force" claim alleged against Defendant Pignotti in Count I; (2) Fourth Amendment "excessive force" and "failure to intervene" claims alleged against Defendant Nass in Count II; (3) Fourth Amendment "excessive force" and "failure to intervene" claims alleged against Defendant Richter in Count III; and (4) Fourth Amendment "excessive force" and "failure to intervene" claims alleged against Defendant Hansen in Count IV. All other claims alleged in the Amended Complaint are dismissed without prejudice.

7. The clerk of court is directed to obtain the last known addresses for Defendants Pignotti, Richter, Hansen, and Nass from the Marshals Service for service of process on them in their individual capacities.[5]

8. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, copies of Plaintiff's Amended Complaint (Filing 14), and copies of this Memorandum

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson,* 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

and Order to the Marshals Service for service of process on Defendants. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

9. The clerk of court is directed to file under seal any document containing the last known addresses for Defendants Pignotti, Richter, Hansen, and Nass.

10. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

11. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

12. The clerk of court is directed to set the following pro se case management deadline: August 27, 2019: check for completion of service of process.

DATED this 29th day of May, 2019.

                BY THE COURT:

                s/ *Richard G. Kopf*
                Senior United States District Judge